**RYAN G. WELDON**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT  59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT  59403**
**Phone:  (406) 761-7715**
**FAX:  (406) 453-9973**
**E-mail:  Ryan.Weldon@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**NATALEE CHRISTINE CRUMLEY,**<br><br>Defendant. | **CR 17-03-GF-BMM**<br><br><br><br>**SENTENCING MEMORANDUM** |

## INTRODUCTION

Natalee Christine Crumley pleaded guilty to Wire Fraud, in violation of 18 U.S.C. § 1343, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1),

1

and Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. § 1957.

The Presentence Investigation Report (PSR) has calculated a Criminal History Category I and a guideline range of 33 to 41 months of imprisonment, plus 24 months of imprisonment consecutive to the guideline range. PSR ¶ 80. All total, the guideline range, with the consecutive sentence, is 57 to 65 months of imprisonment. *See* PSR ¶ 80. Neither party has objections to the PSR.

The United States recommends a guideline sentence, restitution in the amount of $425,939.80, forfeiture in the amount of $427,816.17,[1] and three years of supervised release.

## ARGUMENT

**Sentencing Analysis:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

---

[1] Forfeiture and restitution are separate and distinct. One is meant to restore the victim. *United States v. Davis*, 706 F.3d 1081, 1083 (9th Cir. 2013). The other is meant to punish and disgorge any criminal benefits. *Id.* Sentencing for restitution and forfeiture therefore is not a "double recovery." *See, e.g., United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011).

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

**Sentencing Recommendation:**

Ms. Crumley went on shopping sprees with almost half a million dollars of stolen money in just over a year. As explained by one victim:

> In today's world, stealing has become all too common. Why work when you can just take what you want and hope the punishment will be little more than a slap on the hand. As hard as I try to keep this in perspective, there was no loss of life, and I can continue to work each day to recover, this case could have ended very differently. I could have just as easily gone out of business, lost everything I own, layed off my employees, and put them on unemployment, for no other reason than Natalee wanted to have a good time with her friends by taking what wasn't hers to take.

3

PSR ¶ 24.

Ms. Crumley held a position of trust because she was supposed to know right from wrong. Instead, she used that position to forge over 100 checks, withdraw over $140,000 in cash, and ultimately embezzle almost half a million dollars—tax free. Ms. Crumley then used the money to live a lavish lifestyle, including spending thousands of dollars at Victoria's Secret, purchasing NCAA Final Four tickets, furniture, clothes, and vacationing to Miami, Long Beach, Houston, and Spokane. Given Crumley's calculated and deceitful tactics, the public and the victims are entitled to see Ms. Crumley spend a significant period of time in prison. The United States therefore is recommending 57 to 65 months of imprisonment, three years of supervised release, full restitution, and forfeiture.

DATED this 17th day of July, 2017.

LEIF JOHNSON
Acting United States Attorney

*/s/ Ryan G. Weldon*
RYAN G. WELDON
Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached sentencing memorandum contains 733 words, excluding the caption and certificate of compliance.

                                        LEIF JOHNSON
                                        Acting United States Attorney

                                        */s/ Ryan G. Weldon*
                                        RYAN G. WELDON
                                        Assistant U.S. Attorney